**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0615n.06
Filed: October 15, 2008

**07-6094**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| STAMTEC, INC., | ) | |
| | ) | ON APPEAL FROM THE |
|     Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| PAM ANSON; FRANKFORT PROPERTIES | ) | |
| LIMITED LIABILITY COMPANY, KY Limited | ) | M E M O R A N D U M |
| Liability Company, | ) | O P I N I O N |
| | ) | |
|     Defendants-Appellants. | ) | |

**BEFORE:**    BATCHELDER, CLAY and McKEAGUE, Circuit Judges.

**PER CURIAM.**  Two years ago, in this action to enforce a judgment, we reviewed the

district court's award of default judgment in favor of plaintiff Stamtec, Inc. and against all of several

named defendants. The default judgment in the amount of $264,880 was entered against defendants

John Anson, Pam Anson, Anson Industries, LLC, Anson Machine & Manufacturing, LLC, Frankfort

Properties, LLC, and Bourbon Country Products, Inc., jointly and severally. The default judgment

was imposed as a sanction for defendants' willful failure to cooperate in discovery. On review, we

affirmed the default judgment as to defendant John Anson, but vacated the judgment as to the

remaining defendants and remanded the matter to the district court for further proceedings, which

could include reconsideration and clarification as to whether and why entry of default judgment was

appropriate with respect to the "other Anson Defendants." *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 482 (6th Cir. 2006). The district court has completed its reconsideration and, in the form of findings of fact and conclusions of law proposed by the magistrate judge and adopted by the district court over defendants' objections, has reaffirmed its original ruling, re-entering default judgment against the other Anson defendants. Defendants Pam Anson and Frankfort Properties, LLC, have timely appealed. For the reasons that follow, we affirm.

On remand, plaintiff Stamtec renewed its motion for sanctions in the form of default judgment against all remaining defendants. After the motion was fully briefed, it was referred to the magistrate judge who had overseen much of the earlier discovery proceedings and who had recommended the original default judgment. On July 6, 2007, the magistrate judge issued recommended findings of fact and conclusions of law pursuant to 28 U.S.C. § 636(b). In his 38-page recommendation, the magistrate judge concluded, relevantly, that defendants Pam Anson and Frankfort Properties, LLC, had failed to comply with the requirements of discovery, that their noncompliance had been longstanding, pervasive and willful, and that their bad-faith misconduct had delayed and obstructed discovery. The magistrate judge also found that less drastic sanctions had been imposed with little effect, that defendants had received fair warning of the possibility of more severe sanctions if their obstructionist conduct continued, and that their misconduct had resulted in prejudice to Stamtec. Accordingly, the magistrate judge recommended that defendants' answer be stricken and default judgment be entered.

Pursuant to 28 U.S.C. § 636(b), defendants filed written objections to the proposed findings and conclusions, barely three pages in length. In a one-page order, the district court, on *de novo*

review of the objections, overruled them and adopted the recommended findings and conclusions in their entirety on August 2, 2007. Default judgment was entered on August 13, 2007.

On appeal, Pam Anson and Frankfort Properties contend the district court abused its discretion by imposing the most severe sanction. They contend the district court's ruling is marked by several clearly erroneous findings of fact, insisting (a) that they did not act willfully, (b) that the district court did not first impose lesser sanctions, (c) that they could not have reasonably anticipated that default judgment would be entered against them, and (d) that Stamtec suffered no prejudice. In response, Stamtec contends, *inter alia*, that appellants have waived their right to appeal by failing to preserve their objections in the district court. We agree.

It is well-established that a party must file objections to a magistrate judge's report and recommendation in order to preserve the issues for appeal. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Failure to do so may result in waiver of the objections. *Id*. Moreover, a general or non-specific objection to a report and recommendation is tantamount to no objection at all. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id*. (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient. *Id*.

When we remanded this matter, both the district court and the parties were on notice that the manner in which default judgment had first been entered was not entirely satisfactory and that any renewed proceedings in this vein would be subject to close appellate scrutiny. Accordingly, the

magistrate judge undertook his task of defending his earlier recommendation with painstaking thoroughness. In the proposed findings of fact and conclusions of law, the magistrate judge set forth the rationale for his recommendation in explicit detail. The opportunity to object to the recommendation before the district court actually decided the motion for default judgment was defendants' opportunity to specifically identify the errors in both the magistrate judge's evaluation of the factual evidence and in his application of the governing law to the facts, knowing that the district court would have to undertake *de novo* review of the matters objected to. Inexplicably, defendants, by failing to cite specific errors of fact or law in the recommendation, forfeited this opportunity.

Their general objection to the magistrate judge's conclusion that their history of noncooperation rose to the level of willfulness and bad faith is simply not effective to preserve their right to appellate review. In fact, defendants' seemingly cavalier malfeasance appears to be emblematic of their approach to this litigation in general, which so exasperated the district court and culminated in entry of default judgment. We therefore refuse, at this juncture of this tortured case, to address questions on appeal not properly preserved in the district court.

Accordingly, the judgment of the district court is **AFFIRMED.**